## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CR-0064-CVE |
| | ) | |
| DAKOTA WAYNE CAMPUS, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Before the Court are plaintiff's Fed. R. Evid. 404(b) notice (Dkt. # 42); defendant's objection to plaintiff's 404(b) notice (Dkt. # 46); defendant's motion in limine as to expert Lori Gonzalez (Dkt. # 45); plaintiff's response to defendant's motion in limine (Dkt. # 50); defendant's motion to exclude or limit the expert testimony of Leah Oliver (Dkt. # 47); and plaintiff's response to defendant's motion to exclude or limit expert testimony (Dkt. # 49).

On March 9, 2022, a grand jury returned a four-count indictment charging defendant with assault of an intimate or dating partner by strangulation in Indian country, and attempt to do the same (count 1); assault with a dangerous weapon with intent to do bodily harm in Indian country (count 2); carrying, using, and brandishing a firearm during and in relation to a crime of violence (count 3); and being a felon in possession of a firearm and ammunition (count 4). Dkt. # 15.

### I.     Plaintiff's 404(b) Notice (Dkt. # 42) and Defendant's Objection (Dkt. # 46)

On June 3, 2022, plaintiff filed a 404(b) notice of its intent "to offer evidence at trial about prior instances [defendant] strangled [the alleged victim,] M.D., assaulted her with a firearm, and otherwise abused her based on his belief that she was cheating on him."  Dkt. # 42, at 1.

Specifically, plaintiff provides notice of six prior acts: 1) May 2021 strangulation following defendant's accusation that M.D. was cheating on him; 2) June 2021 strangulation and holding a revolver against M.D.'s head; 3) July 2021 strangulation; 4) July-November 2021 "attempting to prevent M.D. from interacting with her male co-workers and accused her of cheating on him . . . regularly threaten[ed] harm . . . [and] physically pushed M.D. around at work"; 5) December 2021 strangulation; and 6) February 3, 2022 strangulation following accusation that M.D. (who was 18 weeks pregnant) was cheating on defendant.  Id. at 1-3.  Notably, the February 3, 2022 incident took place the day before M.D. "expressed reservations about raising a child with [defendant] given his violent behavior and told him [that] she was considering giving up their unborn child for adoption[,]" which is the exchange that directly preceded the charged offenses on February 4, 2022.  Id. at 3.

Plaintiff argues that the February 3, 2022 incident is admissible as res gestae "because it is central to the events that led to the indicted offenses."  Id. at 6.  Plaintiff further argues that "[p]rior instances when [defendant] strangled M.D., assaulted her with a firearm, and otherwise abused her because he believed she was cheating on him are admissible to establish motive and intent to commit the charged offenses.  Id. at 7.  Defendant requests that the Court exclude certain evidence contained in plaintiff's 404(b) notice.  Dkt. # 46, at 1.  Defendant concedes that should the alleged victim, M.D., "testify in accordance with [plaintiff's] notice" as to the February 3, 2022 incident, that incident is intrinsic to the charged offense.  Id. at 3-4.  However, defendant argues that the other incidents described in plaintiff's 404(b) notice are either 1) not offered for a proper purpose; 2) not relevant; or 3) their probative value is substantially outweighed by the danger of unfair prejudice. Id. at 4-5.

Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> . . .
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

However, Rule 404(b) does not apply to "other act" evidence which is admitted as proof of the charged conduct; it applies only to evidence of acts extrinsic to the charged crime. United States v. Irving, 665 F.3d 1184, 1212 (10th Cir. 2011). "An uncharged act is admissible as *res gestae*—intrinsic evidence not subject to [Rule 404(b)]— if 'it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act.'" United States v. Ford, 613 F.3d 1263, 1267 (10th Cir. 2010) (quoting United States v. Johnson, 42 F.3d 1312, 1316 (10th Cir. 1994)). Specifically, the other act and "the evidence of the crime charged . . . are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993) (internal quotations omitted). The Court agrees with plaintiff that the February 3, 2022 incident is admissible as res gestae because the incident is inextricably intertwined with the charged offenses. Moreover, defendant concedes that the February 3, 2022 incident, as described in plaintiff's notice, constitutes res gestae.

As to the other acts contained in plaintiff's 404(b) notice, the Court's "threshold inquiry" before admitting prior acts evidence under Rule 404(b) is "whether that evidence is probative of a material issue other than character." Huddleston v. United States, 485 U.S. 681, 686 (1988). Rule 404(b)'s limitations are specifically designed to prevent the introduction of evidence that does

nothing more than demonstrate a defendant's general propensity for violence.  See United States v. Commanche, 577 F.3d 1261, 1268 (citing United States v. Sanders, 964 F.2d 295, 298-99 (4th Cir. 1992)).  While propensity may be relevant to the charged conduct, "the risk that a jury will convict for crimes other than those charged--or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment--creates a prejudicial effect that outweighs ordinary relevance." Old Chief v. United States, 519 U.S. 172, 181 (1997) (internal quotations omitted).  In weighing the admissibility of evidence under Rule 404(b), the Court must consider four factors: 1) whether the evidence is offered for a proper purpose; 2) its relevance; 3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect; and 4) a limiting instruction if the defendant so requests.  Huddleston, 485 U.S. 681, 691 (1988); United States v. Mares, 441 F.3d 1152, 1156 (10th Cir. 2006); United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000).

Here, the Court finds that those incidents of assault that were accompanied by accusations of M.D. cheating on defendant are relevant to--and highly probative of--motive, and are thus admissible under 404(b) for the proper purpose of establishing motive.  Moreover, such evidence of motive is not substantially outweighed by the risk of unfair prejudice.

Regarding the remaining incidents contained in its notice, plaintiff argues that these other acts are offered to prove defendant's intent to assault M.D. by strangulation or assault M.D. with a dangerous weapon with intent to do bodily harm.  Dkt. # 42, at 7.  The Court finds that offering the prior acts to prove intent does not make sense unless plaintiff is trying to show absence of mistake or lack of accident.  Defendant does not raise the defense of mistake or accident.  Therefore, these other acts tend to prove little other than defendant's propensity to commit the charged offenses, which is not a proper purpose.  Therefore, the Court preliminarily rules that plaintiff's proffered

4

other acts of strangulation or assault with a deadly weapon that are not accompanied by accusations of cheating are inadmissible.  However, should the defendant open the door as to absence of mistake or lack of accident, plaintiff may reassert its evidentiary arguments for the prior acts' admissibility under Rule 404(b) at trial.

In sum, the Court finds that those incidents in plaintiff's notice that are either res gestae or offered to prove motive are admissible at trial; however, the remaining other acts are not admissible because they would tend to prove little other than defendant's propensity to violence.

## II.     Defendant's Motion in Limine as to Expert Lori Gonzalez (Dkt. # 45)

Defendant requests that the Court exclude, or, in the alternative, limit the testimony of domestic violence expert Lori Gonzalez because her testimony 1) is not reliable; 2) does not assist the trier of fact; and 3) is more prejudicial than probative.  Dkt. # 45, at 1-7.  Specifically, defendant argues that "[w]hile [Ms. Gonzalez] may have credentials and experience in domestic violence, the vast majority of her experience is in sexual violence which is not at issue in this case."  Id. at 3. Defendant further argues that Ms. Gonzalez's anticipated testimony 1) that "it is common for victims of domestic violence to stay with their abusers and provide reasons why they stay"; 2) that "it is common for victims to recant allegations"; 3) "why a victim may not fight back"; 4) "effects of domestic abuse on the beliefs, behavior and perception of the person being abused"; 5) that "domestic violence victims have elevated rates of depression, anxiety and psychological vulnerability"; and 6) about "the power and control wheel[,]" is not helpful for the trier of fact.  Id. at 4-6.  Finally, defendant argues that Ms. Gonzalez's testimony is more prejudicial than probative, and cumulative to plaintiff's other expert, Leah Oliver.  Id. at 7.  Plaintiff responds that Ms. Gonzalez's testimony "will be helpful and reliable for the jury in understanding the complexities

surrounding domestic violence relationships and counter-intuitive victim behavior[,]" is relevant to the offenses charged, and will not unduly prejudice defendant.  Dkt. # 50, at 3-9.

Fed. R. Evid. 702, which governs the admissibility of expert witness testimony, provides, in pertinent part:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts and data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Further, the Supreme Court has found that, pursuant to Rule 702, the Court performs a "gatekeeping role . . . of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.  Pertinent evidence based on scientifically valid principles will satisfy those demands." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993).  The objective of this "gatekeeping requirement . . . is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practices of an expert in the relevant field." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

With respect to Ms. Gonzalez's reliability as a domestic violence expert, plaintiff states in its notice that Ms. Gonzalez holds a bachelor of science degree in psychology, a master's degree in counseling psychology, has counseled thousands of domestic violence victims, and has received more than 1,000 hours of domestic violence training.  Dkt. # 50-1, at 1-2.  The Court finds that, as

to her training and experience, Ms. Gonzalez is qualified to testify as a domestic violence expert, and her testimony is not unreliable merely because a large part of her curriculum vitae (CV) is related to working with sexual violence victims.  Notwithstanding, plaintiff is advised that it should refer to Ms. Gonzalez as a domestic violence expert only.

As to whether Ms. Gonzalez's testimony is helpful to the trier of fact to understand the evidence or determine a fact in issue, the Court finds that defendant's motion should be granted in part and denied in part.  Ms. Gonzalez's opinions must be relevant to the facts of this case.  Plaintiff argues that Ms. Gonzalez's expert testimony is helpful to the jury in understanding M.D.'s behaviors, such as M.D.'s "failure [] to report prior domestic violence incidents"; M.D.'s "return to a romantic relationship with [defendant] after numerous domestic violence incidents"; M.D.'s "failure to simply leave [defendant]"; M.D.'s "decision to return to [defendant] after finding out she was pregnant with his baby"; and M.D.'s "isolation from family and friends."  Dkt. # 50, at 8.  However, Ms. Gonzalez's anticipated testimony is much broader than M.D.'s listed behaviors that plaintiff asserts may seem counter-intuitive to the jury.  For example, the pleadings in this case make no specific mention that M.D. recanted allegations or that M.D. did not fight back; accordingly, general expert opinion regarding such behaviors is not relevant to this case and thus not helpful for the jury.  Similarly, Ms. Gonzalez's testimony as to the "Power and Control Wheel" and typical victim responses to domestic violence is far broader than the issues relevant to this case.  The Court finds that presenting blind expert testimony that encompasses a far broader range of conduct than what is at issue here may be prejudicial and confusing to the jury.  In other words, the "Power and Control Wheel" runs a risk of inviting the jury to attempt to fit defendant's conduct into a paradigm that presupposes guilt, rather than determine whether defendant's conduct constitutes the offenses

7

charged in the indictment.  In sum, Ms. Gonzalez's expert testimony is only helpful to the jury insofar as it is relevant to the conduct at issue in this case and is not confusing or misleading to the jury.  Accordingly, Ms. Gonzalez may testify to those behaviors that M.D. exhibited and how those behaviors are typical of a domestic violence victim; however, Ms. Gonzalez may not provide broad expert opinions as to typical behaviors of an abuser and/or victim that have no bearing on the facts at issue in this case.

Finally, defendant argues that Ms. Gonzalez's expert testimony is cumulative to plaintiff's expert witness, Ms. Oliver.  Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . . or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "Cumulative evidence is defined as evidence which goes to prove what has already been established by other evidence."  Smith v. Sec'y of N.M. Dep't of Corr., 50 F.3d 801, 829 (10th Cir. 1995) (internal quotations omitted).  Here, Ms. Gonzalez's anticipated testimony concerns the psychological and emotional aspects of domestic violence. Dkt. # 50-1, at 2-3.  On the other hand, Ms. Oliver's anticipated expert testimony as a forensic nurse "is specific to the medical aspects of strangulation and blunt force trauma[.]" Dkt. # 49, at 5.  The Court finds that the anticipated testimony of Ms. Gonzales and Ms. Oliver is sufficiently different and not cumulative.  The experts' opinions tend to prove different things--the psychological aspects of typical domestic violence behaviors, and medical opinion testimony as to strangulation-related injuries, respectively.  Therefore, the Court finds that defendant's motion to exclude Ms. Gonzalez's expert testimony for being cumulative to Ms. Oliver's anticipated expert testimony should be denied.

8

In sum, the Court finds that defendant's motion in limine as to Ms. Gonzalez's expert testimony should be denied in part as to excluding Ms. Gonzalez's testimony as unreliable; granted in part as to limiting Ms. Gonzalez's expert testimony--as to typical behaviors and dynamics--to only those opinions that are directly relevant to the conduct at issue in this case; and denied in part as to excluding Ms. Gonzalez's expert testimony as cumulative.

**III.**    **Defendant's Motion to Exclude or Limit Expert Testimony of Leah Oliver (Dkt. # 47)**

Defendant requests that the Court exclude or limit Ms. Oliver's expert testimony because certain parts of the anticipated testimony are 1) not helpful to the jury; or 2) impermissibly vouch for M.D.'s credibility. Dkt. # 47, at 3-4. Specifically, defendant argues that Ms. Oliver's anticipated testimony as to the "life-threatening nature of strangulation, side effects of strangulation and possible obstetric complications" is offered for "[t]he sole purpose of . . . elicit[ing] sympathy" and is thus unhelpful to the jury. Id. at 3. Defendant further argues that Ms. Oliver's anticipated testimony that "M.D.'s injuries are consistent with her statements" is impermissibly vouching for M.D.'s credibility and is not helpful to the jury. Id. at 4. Finally, defendant argues that Ms. Oliver's testimony is cumulative to Ms. Gonzalez's expert testimony. Id. Plaintiff responds that 1) Ms. Oliver "should be permitted to testify about the life-threatening nature of strangulation, side effects of strangulation, and obstetric complications because these are necessary to prove the charged strangulation"; 2) Ms. Oliver "will not testify regarding the credibility of M.D."; and 3) the testimony is not cumulative to Ms. Gonzalez's expert testimony. Dkt. # 49, at 2-4. Specifically, plaintiff argues that testimony regarding strangulation and its side effects, such as shortness of breath, nausea, dizziness, headaches, and so forth, is relevant because it constitutes evidence of strangulation, which is a charged offense that plaintiff must prove at trial. Id. at 2-3. Plaintiff further argues that "the risks inherent in

9

strangulation[,]" including risks of obstetric complications, is helpful for the jury in understanding defendant's state of mind.  Id. at 3-4.  Additionally, plaintiff responds that Ms. Oliver will opine that "the injuries she observed on M.D. are consistent with strangulation and the manner in which M.D. said she received them."  Id. at 4.

As a preliminary matter, the Court found in Part II, supra, that Ms. Oliver's expert testimony is not cumulative to Ms. Gonzalez's expert testimony.  Therefore, defendant's motion is denied as to excluding Ms. Oliver's testimony as cumulative.

As to Ms. Oliver's anticipated testimony regarding the side effects of strangulation, the Court finds that the testimony is helpful for the jury to determine certain facts in issue; specifically, whether defendant strangled M.D. and defendant's state of mind.  For example, Ms. Oliver's testimony helps elucidate to the jury that there are certain symptoms of strangulation that are not visible; thus, such testimony would be helpful to the jury in evaluating the totality of the circumstances to determine whether defendant strangled M.D.  Further, defendant is charged with a violation of 18 U.S.C. § 113(a)(8), the statute defines "strangling" as "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck, regardless of whether the conduct results in any visible injury or whether there is any intent to kill or protractedly injure the victim."  Plaintiff can prove that defendant acted recklessly by showing, beyond a reasonable doubt, that he "consciously disregard[ed] a substantial and unjustifiable risk attached to his conduct, in gross deviation from accepted standards."  Borden v. United States, 141 S. Ct. 1817, 1824 (2021) (internal quotations omitted).  Thus, expert testimony from Ms. Oliver as to strangulation, its side effects, and risks of

obstetric complications is helpful for the jury in determining whether defendant acted recklessly by disregarding the risk to M.D. and her pregnancy as a result of his conduct.

Next, as to alleged vouching for M.D.'s credibility,  the Tenth Circuit has found that "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony."  United States v. Toledo, 985 F.2d 1462, 1470 (10th Cir. 1993).  For example, in United States v. Charley, 189 F.3d 1251, 1263-1267 (10th Cir. 1999), the Tenth Circuit held that admitting a pediatrician's testimony that sexual abuse could provide a unifying diagnosis for an alleged victim's physical and emotional problems was proper, but found that another expert's unconditional conclusion that the alleged victims were sexually abused, based solely on the alleged victims' statements, amounted to "essentially vouching for their truthfulness."  As the court found in Charley, an expert may "summarize the medical evidence and express an opinion that the evidence is consistent or inconsistent" with a victim's allegations of abuse.  Id. at 1264 (internal quotations omitted).  However, the expert may not unconditionally opine that an alleged victim was abused based on nothing more than the alleged victim's statements.  Here, Ms. Oliver's anticipated testimony would opine on whether M.D.'s reports of strangulation are consistent with Ms. Oliver's findings and observations during her physical exam of M.D.  By definition, Ms. Oliver is relying on more than just M.D.'s allegations to form an opinion.  Therefore, the Court finds that defendant's motion to exclude Ms. Oliver's expert opinion insofar as it constitutes impermissible vouching should be denied.

In sum, the Court finds that defendant's motion to limit or exclude the expert testimony of Leah Oliver should be denied.

**IT IS THEREFORE ORDERED** that those incidents in plaintiff's 404(b) notice (Dkt. # 42) that are either <u>res</u> <u>gestae</u> or offered to prove motive are admissible at trial; however, the remaining other acts are not admissible because they would tend to prove little other than defendant's propensity to violence.

**IT IS FURTHER ORDERED** that defendant's motion in limine as to expert Lori Gonzalez (Dkt. # 45) is **denied in part** as to excluding Ms. Gonzalez's testimony as unreliable; **granted in part** as to limiting Ms. Gonzalez's expert testimony--as to typical behaviors and dynamics--to only those opinions that are directly relevant to the conduct at issue in this case; and **denied in part** as to excluding Ms. Gonzalez's expert testimony as cumulative.

**IT IS FURTHER ORDERED** that defendant's motion to exclude or limit the expert testimony of Leah Oliver (Dkt. # 47) is **denied**.

**DATED** this 30th day of August, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE